**UNITED STATES, Appellee,**

v.

**Staff Sergeant Kenneth L. LEE, 263–47–7693, United States Army, Appellant.**

U.S. Army Court of Military Review.

8 Dec. 1987.

---

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Stewart C. Hudson, JAGC, Captain William E. Slade, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Byron J. Braun, JAGC, Major Thomas E. Booth, JAGC USAR, Captain Cynthia M. Brandon, JAGC (on brief).

Before FELDER, GILLEY and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Contrary to his pleas, a general court-martial of officers and enlisted members found appellant guilty of four specifications of cruelty and maltreatment of subordinates, three specifications of assault consummated by a battery, unlawful detention, and dereliction in the performance of his duties, in violation of Articles 93, 128, 97, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 928, 897, and 892 (1982), respectively. The members sentenced appellant to a dishonorable discharge, confinement for four years, total forfeiture of pay and allowances, and reduction to Private E–1. The convening authority approved this sentence, except for reducing the forfeitures to $600.00 pay per month for forty-eight months.

Appellant, assigned to the cadre of a correctional custody facility (CCF),[1] devel-

---

1. Correctional custody facilities are established and operated in accordance with Army Regula-

oped a system of using correctees to beat other correctees when they entered the CCF and for infractions of CCF rules. In addition, he had a Specialist Four S sent illegally to the CCF for one day. During that day, the appellant and the correctees under his supervision also beat Specialist Four S.

Appellant contends that two specifications of assault consummated by battery were multiplicious for findings with two specifications of cruelty and maltreatment. He further alleges that the dereliction of duty specification was multiplicious for findings with the charge of cruelty and maltreatment and its specifications. We disagree and find they are not multiplicious for findings.

■ The pertinent cruelty and maltreatment specifications properly focus on mistreatment of groups of correctees by causing them to assault and batter one or two other correctees. The assault consummated by battery specifications, in contrast, focus on the batteries delivered by these groups of correctees. The appellant's causing subordinates to fight or assault other subordinates, thereby risking injury to themselves, is a form of cruelty and maltreatment under Article 93, UCMJ. *See* Manual for Courts–Martial, United States, 1984, Part IV, paragraph 17c(2) ("The cruelty, oppression, or maltreatment, although not necessarily physical, must be measured by an objective standard"). This harm is separate from the batteries inflicted by the maltreated group and, thus, permissibly the subject of separate findings of guilty. *United States v. Baker*, 14 M.J. 361, 366–367 (C.M.A.1983); *United States v. Burney*, 44 C.M.R. 125 (C.M.A.1971).

■ Likewise, the specification of dereliction in the performance of duties is not multiplicious with the charge and its specifications of cruelty and maltreatment. Appellant's failure to train and provide a positive rehabilitation program went beyond

the cruelty and maltreatment and the assaults. He established a pattern of abusive power-wielding, teaching junior soldiers wrongly that systematic degradation and leadership by fear of corporal coercion were proper in the military.

We have considered the errors personally raised by the appellant and find them to be without merit.[2]

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge ROBBLEE concur.

---

tion 190–34, Military Police: Correctional Custody (29 July 1975).

**2.** The military judge treated the challenged assaults and dereliction in performance of duty specifications as multiplicious for sentencing purposes. *See generally United States v. Baker,* 14 M.J. at 368–370.