UNITED STATES, Appellee,

v.

Staff Sergeant Michael K. JOHNSON,
213–78–8249, United States Army,
Appellant.

ARMY 9500605.

U.S. Army Court of Criminal Appeals.

10 Jan. 1997.

For Appellant: Captain Emmett H. Kennady III, JA USAR; Captain Matthew A. Myers, Sr., JA (on brief).

For Appellee: Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Anthony P. Nicastro, JA; Captain Joanne P. Tetreault, JA (on brief).

Before TOOMEY, RUSSELL, and CARROLL, Appellate Military Judges.

OPINION OF THE COURT

CARROLL, Judge:

A general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of violating a lawful regulation (two specifications), oppres-

sion and maltreatment of subordinates (two specifications), and adultery (two specifications) in violation of Articles 92, 93, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 893, and 934 (1988)[hereinafter UCMJ]. The approved sentence consisted of a bad-conduct discharge, confinement for twelve months, and reduction to Private E1.

This case is before the court for automatic review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. We have considered the record of trial, the assignments of error, the government's answer thereto, and those errors personally raised by the appellant. The appellant asserts, among other alleged errors, that the evidence was insufficient to support convictions on the offenses of oppression and maltreatment. We agree.

## FACTS

The appellant, a drill sergeant in a training company, engaged in sexual relations with two women who were junior enlisted trainees assigned within his company. Both the trainees were subject to his orders. The appellant was helpful and supportive of the women as they proceeded through their training cycle. He invited familiarity through his joking and light banter with them. Both women found the appellant physically attractive. They pursued his attentions.

The pertinent facts supporting the charge of maltreatment of Private [PVT] K are as follows. Private K was with friends in a hotel room off-post on a weekend pass. Knowing the appellant had charge of quarters duty, PVT K called him at his office at 0300 hours. The appellant had not requested that she call him. They joked and chatted about PVT K's weekend activities. The appellant indicated that he would like her to visit him, but he did not pressure her to leave her friends. The appellant told PVT K that if she decided to visit, they would have sexual intercourse. Private K testified that the appellant left the decision to her. When PVT K got off the telephone with the appellant, she called a taxi and went to the appellant's office. The appellant and PVT K engaged in sexual intercourse in the appellant's office.

Similarly, the other trainee, PVT R, sensed that the appellant was interested in her. One day he asked her if she had fireguard duty. On her own initiative, she switched duty assignments with another soldier for fireguard duty and surprised the appellant at his office late that night. On that occasion they only kissed, but on subsequent occasions, she willingly returned to the appellant's office where they engaged in sexual intercourse. There was no evidence that the appellant demanded or even requested that PVT R make these visits. Private R described the attraction as being mutual.

## DISCUSSION

■ The government's case for oppression and maltreatment rested entirely on the fact that within a training unit environment the appellant engaged in sexual relations with female trainees who were subject to his orders. Article 93, UCMJ, however, is not a strict liability offense punishing all improper relationships between superior and subordinates. Here, there was no evidence that the appellant used his official status to coerce either of the women into having unwelcomed sexual relations with him. There was no evidence that the appellant influenced, offered to influence, or threatened the careers of the two women in exchange for sexual favors. We acknowledge the inherently coercive nature of the training environment, but there was no evidence that the training environment was a factor in the two trainees' decisions to enter into personal relationships with the appellant. The issue before the court is whether the evidence is nevertheless sufficient to support findings that the appellant maltreated these subordinates in violation of Article 93, UCMJ. Although the appellant's actions clearly support his conviction of violating the regulation that prohibits such contact between superiors and trainees, we conclude that the evidence failed to prove that his actions constituted oppression and maltreatment.

■ Under Article 93, UCMJ, the act that forms the basis of the offense must constitute "cruelty, oppression, or maltreatment" as measured by an objective standard. Manual

for Courts–Martial, United States (1995 edition), Part IV, para. 17(c)(2) [hereinafter MCM, 1995]. The Manual lists assault, improper punishment, and sexual harassment as examples of conduct that might constitute cruelty, oppression or maltreatment. MCM, 1995, para. 17(c)(2). To constitute an offense under Article 93, UCMJ, the conduct must result in physical or mental pain or suffering and be abusive or otherwise unwarranted, unjustified, and unnecessary for any lawful purpose. *United States v. Rutko,* 36 M.J. 798, 801 (A.C.M.R.1993) citing *United States v. Hanson,* 30 M.J. 1198 (A.F.C.M.R.1990), *aff'd,* 32 M.J. 309 (C.M.A.) *cert. denied,* 500 U.S. 933, 111 S.Ct. 2054, 114 L.Ed.2d 460 (1991).

█ Sexual harassment can be a basis for a violation of Article 93, UCMJ. *United States v. Dear,* 40 M.J. 196; *Rutko,* 36 M.J. 798. Under military law, sexual harassment includes influencing, offering to influence, or threatening the career, pay or job of another in exchange for sexual favors. MCM, 1995, para. 17(c)(2); *see* Dep't of Army, Pam. 27–9, Military Judge's Benchbook, para. 3–17–1(d) (30 Sep. 1996) (no change from prior edition). The evidence of record fails to establish that appellant threatened, promised, influenced or attempted to influence the victims in any way in exchange for sexual favors. To the contrary, the evidence demonstrates that the parties mutually agreed to engage in sexual intercourse without the appellant's employing any coercion. We, therefore, conclude that the government did not establish that the appellant's sexual relationships with these trainees constituted maltreatment based on a theory of sexual harassment. *See United States v. Garcia,* 43 M.J. 686, 690 (A.F.Ct. Crim.App.1995), *rev'd on other grounds,* 44 M.J. 496 (if the putative victim had freely and voluntarily consented to the conduct, by objective standards the conduct would not have constituted an offense under Article 93, UCMJ); *United States v. Harris,* 41 M.J. 890, 894 (Army Ct.Crim.App.1995) (evidence going to consent to sexual conduct would have had probative value in defending against maltreatment, and excluding the evidence was prejudicial error); *United States v. McCreight,* 39 M.J. 530, 534 (A.F.C.M.R. 1994), *aff'd,* 43 M.J. 483 (1996) (absent threats or other coercion, sexual intercourse with a subordinate was not conduct unbecoming an officer by maltreatment).

█ Absent sufficient evidence of sexual harassment, the government may still prove oppression or maltreatment if the sexual relationship otherwise resulted in physical or mental pain and suffering by an objective standard and the appellant's conduct was abusive or otherwise unwarranted, unjustified, and unnecessary for any lawful purpose. Certainly some improper personal relationships, even if not the result of sexual harassment, could constitute oppression or maltreatment. Depending on the circumstances, the nature of the superior's official position could bring an ostensibly voluntary sexual relationship with a given trainee within the definition. However, not all personal relationships between superiors and subordinates (or drill sergeants and their trainees) necessarily result in physical or mental pain or suffering, and the government had the burden of proving that the appellant's conduct resulted in physical or mental pain and suffering by an objective standard. In this case the government failed to meet its burden. Accordingly, we hold that the evidence is factually insufficient to prove oppression or maltreatment. *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

We have reviewed the remaining errors raised by the appellant including those raised personally pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982) and find them to be without merit.

The findings of guilty of Specification 2 of Charge II and Charge II are set aside and Specification 2 of Charge II and Charge II are dismissed.* The findings of guilty of Charge V and its Specification are set aside and Charge V and its Specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence in light of the errors noted, the court affirms only so much of the sentence as provides for a bad-

---

* The appellant was acquitted of Specification 1 of     Charge II.

conduct discharge, confinement for ten months, and reduction to Private E1.

Senior Judge TOOMEY and Judge RUSSELL concur.