## UNITED STATES

v.

## Kenneth W. GODDARD, Gunnery Sergeant (E–7), U.S. Marine Corps.

### NMCM 9501179.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 22 Jan. 1998.

Decided 13 Nov. 2000.

---

Maj Stephen D. Chace, USMC, Appellate Defense Counsel.

LCDR Robert C. Klant, JAGC, USN, Appellate Defense Counsel.

Maj Troy D. Taylor, USMC, Appellate Government Counsel.

Maj Michael D. Tencate, USMC, Appellate Government Counsel.

Before DORMAN, Senior Judge, LEO, Senior Judge, and NAUGLE, Appellate Military Judge.

DORMAN, Senior Judge: [1]

The appellant was tried by general court-martial, before a military judge sitting alone on 27 October 1994. Contrary to his pleas the appellant was convicted of maltreatment and fraternization in violation of Articles 93 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 893 and 934. On 15 May 1995, the convening authority approved a sentence that included confinement for 30 months, forfeiture of $432.00 pay per month for 30 months, reduction to pay grade E–1, and a dishonorable discharge.

We initially decided this case on 5 September 1997. *United States v. Goddard,* 47 M.J. 581 (N.M.Ct.Crim.App.1997). In that opinion we affirmed the findings except for language in the maltreatment specification that indicated that the appellant had engaged in sexual relations with Private S, the victim of the maltreatment, "without her consent and without inquiring as to her consent." *Goddard,* 47 M.J. at 588. We also set aside the sentence and returned the record of trial to the Judge Advocate General for a sentencing rehearing. That rehearing was conducted on 22 January 1998, and resulted in an approved sentence of confinement for six months, forfeiture of $432 pay per month for six months, and reduction to pay grade E–4.

Following action by the convening authority, the record was returned to this court for further review. Following submission of the appellant's brief on 26 February 1999 and the Government's response on 20 April 1999, we issued an order returning the case to the Judge Advocate General. In that order we stated our belief that, since the appellant's sentence no longer included a bad-conduct discharge, further review by our court was no longer required. The appellant petitioned our order to the Court of Appeals for the Armed Forces, and on 14 September 1999, that court returned the record to us for

---

1. Senior Judge Dorman was the Director of the Appellate Government Division when this case was originally briefed and decided. Both the Appellant and the Government have consented to his judicial participation in the case. He took no active role in the case prior to becoming a member of the court. *See United States v. Lynn,* 54 M.J. 202 (2000).

completion of review under Article 66, UCMJ, 10 U.S.C. § 866.

In his current appeal the appellant raises two additional assignments of error. First, he argues that the adjudged reduction to pay grade E–4 is inappropriately severe. He also argues that the evidence is legally and factually insufficient to sustain his conviction of the maltreatment of Private S. This second argument is premised on the manner in which the specification was drafted, alleging that the appellant's maltreatment of Private S occurred between 11 May 1993 and 10 September 1993 by making unwanted sexual advances towards her and engaging in sexual intercourse with her. The appellant argues that this specification alleges a course of conduct as opposed to a single incident. He further argues that since there was only one incident between the appellant and Private S, he was convicted of more pervasive misconduct than is supported by the record. Appellant's Brief of 26 February 1999 at 6. The appellant acknowledges that he raises this issue for the first time. Once again, however, he suggests that the maltreatment specification is "legally infirm." *Id.* at 6 n. 3.

In light of the appellant's suggestion that the maltreatment conviction was legally infirm, on our own motion we decided to reconsider our earlier decision with respect to the maltreatment specification.[2] On 17 February 2000, we ordered briefs on the following specified issue: "Whether the evidence is legally and factually sufficient to support the appellant's conviction for a violation of Article 93, Uniform Code of Military Justice, 10 U.S.C. § 993 (1994); and if not, whether the evidence is legally and factually sufficient to affirm a conviction to a lesser-included, or closely related offense." Both parties filed submissions on 5 April 2000, and the case was orally argued on 7 June 2000.

Upon reconsideration we find the evidence to be legally and factually insufficient to sustain a conviction for maltreatment. We, therefore, will take corrective action in our decretal paragraph, and reassess the sentence.

### Facts

On 11 May 1993, Private S reported to Lowry Air Force Base in Denver, Colorado, to attend Combat Camera School. When she arrived, the class was already filled, so she was assigned duties in the administrative section of the Marine Detachment for about two weeks. During that period of time, the appellant was the administrative chief of the Detachment and Private S worked for him. While working for him she felt comfortable and relaxed.

One evening in June or July 1993, Private S was part of a duty squad that indirectly reported to the appellant. The duty section had two formations, one at 1800 and the other at 2100. Prior to the 2100 formation Private S was talking with the appellant in the television lounge about their experiences at boot camp. After the formation, they, and others, went back to the television lounge where the conversation continued. They talked about finances involving the appellant's truck and house, and about the appellant's wife. Eventually everyone except Private S and the appellant left the television lounge. They then started talking about their families.

Private S told the appellant that she did not get along with her family, and that she was adopted. She also told the appellant how her father would sexually harass her. He would watch her put lotion on her legs while she was nude, and he had bought her "teddies." She told the appellant that her father had told her never to say "no," and that the best kind of woman was "a lady in public and a slut in bed." Record at 85. She also told the appellant that her father had physically abused her, and that she could not fight back against her father because he would hit her. This personal conversation lasted about a half-hour or more. They then moved on to other topics. Private S testified that she did not believe the conversation

**2.** Under Courts of Criminal Appeals Rule 19 reconsideration may be granted "not later than 30 days after service of [the] decision or order on appellate defense counsel...." We, however, suspended this rule under our authority contained in Courts of Criminal Appeals Rule 25 because we retained jurisdiction over the case. *See Boudreaux v. United States Navy–Marine Corps Court of Military Review,* 28 M.J. 181 (C.M.A.1989).

would have made the appellant think she was attracted to him.

After a while the appellant asked Private S to help him carry some files to the admin office. Once there, they put the files on a desk. The appellant then asked her if he could ask her a question, and she said yes. The appellant then asked if he could kiss her. Private S did not respond, but the appellant began to French kiss her and led her down to the floor of the office. When they started kissing she said, "No, this isn't right," but she did not pull away from the appellant. Record at 88. They were both wearing camouflage uniforms and the appellant began to feel her body through her clothes. Eventually, they engaged in sexual intercourse, although they did not remove their clothes, having their trousers and underwear down to their knees. The appellant attempted to please her, but she was not comfortable with it, and she faked an orgasm to make him stop. At trial she testified that she did not consent to what happened, and that she found the appellant's conduct offensive.

On cross-examination, Private S testified that the information she shared with the appellant was very sensitive information that she would not share with just anyone. She also acknowledged that she had made several pretrial statements. In those pretrial statements she indicated that the appellant had not threatened her, that she could have left, and that she did not feel that she had to stay because of the appellant's higher rank. She said she stayed because she did not want to offend the appellant. She acknowledged that in one pretrial statement she stated that, "I believe that if I had propositioned someone the way Gunnery Sergeant Goddard proposition[ed] me, and if that person rejected or reacted the way I did, I would have probably taken it as a yes." Record at 108. She also acknowledged that the incident could have been avoided if she had said, "No," and walked away, and that the appellant never suggested that it would help her career if she had sex with him. The appellant did not testify on the merits.

## Discussion

■ In examining the issue of whether the evidence of record is legally sufficient to sustain a conviction, this court will view the evidence in the light most favorable to the prosecution, and determine whether the trier of fact could have found each of the essential elements beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987), (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). When conducting this examination we will draw every reasonable inference from the record in favor of the prosecution. *United States v. McGinty*, 38 M.J. 131, 132 (C.M.A.1993), quoting *United States v. Blocker*, 32 M.J. 281, 284 (C.M.A.1991). The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, this court is convinced of the appellant's guilt beyond a reasonable doubt. *Turner*, 25 M.J. at 324, 325; *United States v. Torres–Rodriguez*, 37 M.J. 809, 810 (N.M.C.M.R.1993). The term reasonable doubt, however, does not mean that the evidence must be free from all conflict. *United States v. Lips*, 22 M.J. 679, 684 (A.F.C.M.R.1986).

■ With respect to the charged specification of maltreatment there are but two elements: that Private S was subject to the orders of the appellant; and that the appellant oppressed or maltreated Private S. MANUAL FOR COURTS-MARTIAL, UNITED STATES (1984 ed.), Part IV, ¶ 17b. In defining the nature of the act, MCM, Part IV, ¶ 17c(2) explains that:

> The ... oppression, or maltreatment, although not necessarily physical, must be measured by an objective standard. Assault, improper punishment, and sexual harassment may constitute this offense. Sexual harassment includes influencing, offering to influence, or threatening the career, pay, or job of another person in exchange for sexual favors, and deliberate or repeated offensive comments or gestures of a sexual nature.

Our superior court recently addressed the same issue that is before us in *United States v. Fuller*, 54 M.J. 107 (2000). In *Fuller*, the court found that a consensual sexual relationship between a superior and a subordinate, without more, would not support a conviction

for the offense of maltreatment. *Fuller*, 54 M.J. at 111–12. The court noted that, "Art. 93 . . . is not a strict liability offense punishing all improper relationships between superior and subordinates." *Id.* at 111, *quoting United States v. Johnson*, 45 M.J. 543, 544 (Army Ct.Crim.App.1997). As in *Fuller*, the appellant's conviction for maltreating Private S was based entirely on evidence of a single incident of sexual relations between the appellant and Private S. We, therefore, find that *Fuller* dictates the result in the case before us. Accordingly, we will set aside the appellant's conviction for maltreatment, finding the evidence to be both legally and factually insufficient.

As noted, we revisited the sufficiency of the evidence in this case on our own motion. We did so because we do not believe that the record before us supports the conclusion reached in our earlier opinion that "the appellant objectively maltreated Private S, subjecting her to physical and mental oppression by encouraging her to engage in unlawful acts, which were . . . unnecessary for any lawful purpose." *Goddard*, 47 M.J. at 584. Based upon the record, the appellant had no reason to believe that Private S was not a willing participant in the sexual activities. In short, we do not have confidence that we correctly decided this case when it was initially before us. Now that the case is once again before us, our statutory obligation requires that we approve only those findings that we conclude are correct in law and fact. Art. 66(c), UCMJ.

■ In *Fuller* our superior court set aside Fuller's conviction for maltreatment, finding the evidence to be legally insufficient, but affirmed the lesser included offense of a simple disorder under Article 134, UCMJ, 10 U.S.C. § 934. *Fuller*, 54 M.J. at 112. In *Fuller*, however, the accused's sexual contact with a subordinate was accomplished in the presence of two other members of his unit. As support for affirming the lesser included offense of a simple disorder, *Fuller* cites *United States v. Augustine*, 53 M.J. 95 (2000) and *United States v. Sapp*, 53 M.J. 90 (2000), which also upheld convictions of lesser included offenses under Article 134, UCMJ.

In both of those cases the accuseds were originally charged with possessing pornographic pictures of minors in violation of 18 U.S.C. § 2252(a).

Due to the differences in those cases and the case before us, we have carefully examined the record to determine whether the evidence of record is sufficient to support a simple disorder in violation of Article 134, UCMJ, in this case. We find that it does. Specifically, we have considered the fact that the sexual intercourse occurred in the administrative office of the Marine Detachment and that, after the sexual relations were completed, the appellant had Private S leave the office in a manner that ensured that other personnel would not see her. Additionally, Private S testified that upon arrival at Lowry she was briefed that such relationships were improper, that after the incident she lost respect for the appellant, and that she avoided him the remainder of the time she was stationed at Lowry. We find that the appellant's sexual relations thus were prejudicial to good order and discipline and constituted a simple disorder under Article 134, UCMJ.

### Conclusion

Our decision in this case of 5 September 1997, published at 47 M.J. 581, is vacated and replaced with this decision. The findings as to Specification 2 of Additional Charge II, and Additional Charge II are affirmed. The findings to the Specification under Additional Charge I, and Additional Charge I are set aside, but we affirm the lesser included offense under Article 134, UCMJ, as follows:

> Specification: In that Gunnery Sergeant Kenneth W. Goddard, U.S. Marine Corps, while on active duty, did, on one occasion, at Lowry Air Force Base, Denver, Colorado, between about June 1993 and July 1993, wrongfully make sexual advances towards Private M. S[...][3], and wrongfully engage in sexual activity, to include sexual intercourse, with her, while Gunnery Sergeant Goddard was serving as the Command Duty Officer and she was a member of the duty section.

As a result of our action on the findings, we have reassessed the sentence in accor-

---

**3.** A new promulgating order should reflect the Private's complete last name.

dance with the principles of *United States v. Cook*, 48 M.J. 434, 438 (1998), *United States v. Peoples*, 29 M.J. 426, 428 (C.M.A.1990), and *United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A.1986). Upon reassessment of the sentence, we approve only so much of the sentence as extends to confinement for three months, forfeiture of $432 pay per month for three months, and reduction to pay grade E–5.[4] A new promulgating order, reflecting the findings and sentence as modified by this decision, shall be issued.

Senior Judge LEO and Judge NAUGLE concur.

---

4. Our action moots the appellant's two additional assignments of error.