UNITED STATES, Appellee,

v.

Sergeant Claude B. CARSON, Jr., United States Army, Appellant.

ARMY 9801402.

U.S. Army Court of Criminal Appeals.

3 Aug. 2001.

For Appellant: Colonel Adele H. Odegard, JA; Major Jonathan F. Potter, JA; Captain David S. Hurt, JA; Captain Sean S. Park, JA (on brief).

For Appellee: Colonel David L. Hayden, JA; Lieutenant Colonel Edith M. Rob, JA; Major Anthony P. Nicastro, JA; Captain Arthur L. Rabin, JA (on brief).

Before TOOMEY, Senior Judge, CARTER, and HARVEY, Appellate Military Judges.

## OPINION OF THE COURT

HARVEY, Judge:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of maltreatment of subordinates (five specifications) and indecent exposure (three specifications), in violation of Articles 93 and 134, Uniform Code of Military Justice, 10 U.S.C §§ 893 and 934 [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for forty-two months, and reduction to Private E1. The convening authority waived statutory forfeitures for six months and directed payment of such monies to appellant's wife. *See* UCMJ art. 58b(b), 10 U.S.C. § 858b(b).

In this Article 66, UCMJ, 10 U.S.C. § 866, appeal, appellant asserts as part of his third assignment of error [1] that, as a matter of law, a conviction for maltreatment of a subordinate requires proof that the charged misconduct resulted in "physical or mental pain or suffering" by the alleged victim. We disagree.

## Facts

All of appellant's convictions stem from his sexually harassing behavior towards three subordinates during the period 1 December 1996 through 3 June 1998. Appellant, who was the supervising desk sergeant in the military police (MP) station, repeatedly exposed his penis to Privates (PVT) K, R, and G while these female MP soldiers and appellant were performing duties at the MP station. Additionally, appellant asked PVT K to engage in oral sodomy on him in return for an assignment to a military police investigative team. He also ordered PVT R to physically search his crotch.

Appellant challenges one maltreatment specification because of insufficient evidence of PVT G's "physical or mental pain or suffering" as a result of appellant's one-time exposure of his penis to her. Private G was 20 years-old and had been in the Army less than a year at the time of the offense. She was working for the first time with appellant, who was supervising PVT G as part of his duties as the MP desk sergeant. At about 0100, 3 June 1998, appellant, who was wearing his Battle Dress Uniform, went inside the office bathroom. From inside the bathroom, appellant asked PVT G to hand him a bag. When she handed him the bag, she saw appellant's penis as he stood in the doorway dressed only in a T-shirt and socks. Shortly thereafter, appellant exited the bathroom. Appellant yelled, "Hey," at PVT G, causing her to look at him. She again saw appellant wearing only a T-shirt and socks, with his penis exposed. Appellant asked PVT G whether the patrol supervisor was reporting back to the MP station. She answered his question, and then appellant returned to the bathroom and put on his Battle Dress Uniform.

On both occasions when she saw his penis, appellant made no attempt to cover it. Appellant did not touch or attempt to touch PVT G, nor did he make any sexual comments to her. Private G did not immediately report appellant's conduct. Private G testified that she did not ask to see appellant's penis, she was bothered and shocked to see him expose himself, and she considered herself a victim. Appellant did not testify, and no evidence was presented that he had any reason to believe that FVT G consented to his exposure of his penis. Appellant was convicted of maltreating PVT G, a person

---

1. Appellant's third assignment of error challenges the factual and legal sufficiency of one maltreatment specification. We resolve this challenge against appellant.

subject to his orders, by exposing his penis to her, in violation of Article 93, UCMJ.

### Maltreatment of Subordinates

The origins of the military offense of maltreatment of subordinates prior to enactment of the UCMJ in 1950 are set forth in *United States v. Finch*, 22 C.M.R. 698, 701, 1956 WL 4861 (N.B.R.1956) and *United States v. Sojfer*, 44 M.J. 603, 608 (N.M.Ct. Crim.App.1996), *aff'd*, 47 M.J. 425 (1998), which describe case law and legislative history interpreting Article 93, UCMJ, as "sparse." After 1950, Article 93, UCMJ, prohibited cruelty and maltreatment, stating: "Any person subject to this chapter who is guilty of cruelty toward, or oppression or maltreatment of, any person subject to his orders shall be punished as a court-martial may direct." The *Manual for Courts–Martial, United States* (1998 ed.) [hereinafter MCM], Part IV, paragraph 17b, lists two elements for maltreatment: "(1) That a certain person was subject to the orders of the accused; and (2) That the accused was cruel toward, or oppressed, or maltreated that person." In defining the nature of the act of maltreatment in greater particularity, MCM, Part IV, paragraph 17c(2), explains that "sexual harassment" [2] may constitute maltreatment, stating:

> The cruelty, oppression, or maltreatment, although not necessarily physical, must be measured by an objective standard. Assault, improper punishment, and sexual harassment may constitute this offense. Sexual harassment includes influencing, offering to influence, or threatening the career, pay, or job of another person in exchange for sexual favors, and deliberate or repeated offensive comments or gestures of a sexual nature.

"The example of sexual harassment was added [to the 1984 version of the MCM] because some forms of such conduct are nonphysical

maltreatment." MCM, Article 93 analysis, app. 23, at A23–5; *see also* Exec. Order No. 12,473, 49 Fed.Reg. 17,152 (Apr. 23, 1984).

■ Although our superior court has noted that Article 93, UCMJ, " 'is not a strict liability offense punishing all improper relationships between superior and subordinates,' " *United States v. Fuller*, 54 M.J. 107, 111 (2000) (quoting *United States v. Johnson*, 45 M.J. 543, 544 (Army Ct.Crim. App.1997)), it has not "particularly defined the word[ ] 'maltreatment.' " *United States v. Knight*, 52 M.J. 47, 49 (1999) (citing *United States v. Curry*, 28 M.J. 419, 424 (C.M.A. 1989)). Paragraph 3–17–1d of Dep't of Army, Pam. 27–9, Legal Services: Military Judges' Benchbook (30 Sep. 1996) [hereinafter Benchbook], currently indicates that maltreatment refers, "to unwarranted, harmful, abusive, rough, or other unjustifiable treatment which, under all the circumstances: (a) results in physical or mental pain or suffering, and (b) is unwarranted, unjustified and unnecessary for any lawful purpose."

■ The Court of Appeals for the Armed Forces has recently addressed the issue of whether adverse victim impact is required for maltreatment without clearly resolving it, stating:

> Moreover, there is some disagreement over the precise scope of [Article 93, UCMJ] in the service appellate courts. For example, in *United States v. Hanson*, 30 M.J. 1198, 1201 (A.F.C.M.R.1990) [, *aff'd*, 32 M.J. 309 (C.M.A.1991)], the Air Force court held that "[t]he offense occurs when the treatment viewed objectively, *results in physical or mental pain or suffering* and is abusive or otherwise unwarranted, unjustified and unnecessary for any lawful purpose." (Emphasis added). The Navy–Marine Corps court, however, has rejected a pain or injury requirement. *See*

---

**2.** "Sexual harassment" is recognized as a form of employment discrimination, but is not expressly prohibited by the Uniform Code of Military Justice. *United States v. Dear*, 40 M.J. 196, 197 n. * (C.M.A.1994) (upholding a maltreatment specification that included the averment that the victim was subject to the orders of the accused and that he " 'maltreat[ed]' her 'by making repeated offensive gestures and comments of a sexual nature.' "). Chapter 7 of Army Regulation

600–20, Personnel–General: Army Command Policy (15 July 1999) provides a detailed definition and examples of sexual harassment and discusses the prevention and disposition of sexual harassment allegations. Paragraph 7–4b of Army Regulation 600–20 states, in part, that "any soldier ... who makes deliberate[,] ... unwelcomed ... gestures ... of a sexual nature is engaging in sexual harassment."

*United States v. Goddard,* 47 M.J. 581, 584–85 (N.M.Ct.Crim.App.1997).[3]

*Knight,* 52 M.J. at 49. In *Knight,* our superior court affirmed a maltreatment conviction for the unlawful use of a false identification card to commit credit card fraud because Knight knew that said use would cause his military subordinate, who was named on the credit card, "command embarrassment." Knight's conviction was upheld even though Knight's victim had no knowledge that Knight caused his credit problems and embarrassment. *Id.* at 49. *See also United States v. Coleman,* 48 M.J. 420, 423 (1998); *United States v. Hullett,* 40 M.J. 189, 193 n. 2 (C.M.A.1994) (noting that mutual sexual banter between a superior and subordinate that is not indecent language could possibly violate Article 93, UCMJ).

■ We recognize that in certain circumstances a *consensual* sexual relationship between a superior and subordinate, absent additional aggravation such as an adverse impact on the victim, may not constitute maltreatment. *See Fuller,* 54 M.J. at 111–12; *Goddard,* 54 M.J. at 766–67; *Johnson,* 45 M.J. at 544; *United States v. Harris,* 41 M.J. 890, 894 (Army Ct.Crim.App.1995), *aff'd in part and rev'd in part,* 53 M.J. 86 (2000). However, these cases are not applicable to appellant's case because the record is clear that PVT G did not consent to appellant's exposure of his penis to her.

A prior decision of this court affirming a maltreatment conviction involving nonconsensual sexual harassment noted that "physical or mental pain or suffering" is required. *See United States v. Rutko,* 36 M.J. 798, 801–02 (A.C.M.R.1993). After reevaluating this issue, we now conclude that because the

UCMJ and the Manual for Courts–Martial do not require physical or mental pain or suffering, a nonconsensual sexual act or gesture may constitute sexual harassment and maltreatment without this negative victim impact.[4]

■ Accordingly, we need not decide in this case whether appellant's nonconsensual, offensive, and indecent exposure of his penis to PVT G caused her "physical or mental pain or suffering," because it was otherwise abusive, unwarranted, unjustified, and unnecessary for any lawful purpose, and therefore constitutes the crime of maltreatment. Considering the record as a whole, we are convinced beyond a reasonable doubt that the evidence was legally and factually sufficient to prove that appellant was properly found guilty of maltreatment for his sexual harassment of PVT G by his "deliberate ... offensive ... gesture[ ] of a sexual nature," [5] to wit: his exposure of his penis to her. *See* UCMJ art. 66(c); *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Turner,* 25 M.J. 324, 324–25 (C.M.A.1987).

### Multiplicity

■ Appellant urges dismissal of two of the specifications of indecent exposure as multiplicious with, or an unreasonable multiplication of charges of, two of the maltreatment specifications. Government appellate counsel concedes that there was an unreasonable multiplication of the charges, but recommends that we dismiss the two maltreatment specifications in lieu of the two indecent exposure specifications. We decline to accept the government's concession and find appellant's assertion to be without merit.

**3.** On reconsideration, the Navy–Marine Corps court reversed Goddard's conviction for maltreatment and affirmed a finding of guilty to the lesser-included offense of a simple disorder under Article 134, UCMJ, finding that "the appellant had no reason to believe that Private S was not a willing participant in the sexual activities." *United States v. Goddard,* 54 M.J. 763, 767 (N.M.Ct.Crim.App.2000), *aff'd,* No. 01–0211/MC, 55 M.J. 149, 2001 CAAF LEXIS 518 (May 2, 2001). The Navy–Marine Corps court did not discuss whether there is a requirement for physical or mental pain or suffering in its opinion on reconsideration.

**4.** In accordance with this opinion, we recommend modification of paragraph 3–17–1d of the Military Judges' Benchbook, to state that in nonconsensual, sexual harassment maltreatment cases: "Maltreatment refers to treatment which, under all the circumstances: (a) results in harmful, physical or mental pain or suffering, or (b) is otherwise abusive, unwarranted, unjustified and unnecessary for any lawful purpose."

**5.** MCM, Part IV, para. 17c(2).

Appellant was found guilty of two specifications of maltreatment by exposing his penis to Privates R and G and two specifications of indecent exposure by exposing his penis to the public on the same dates and at the same locations. The trial defense counsel did not urge the trial judge to dismiss any specifications for reasons of multiplicity or an unreasonable multiplication of the charges. The military judge granted a defense motion to consider the maltreatment and corresponding indecent exposure specifications as one offense for sentencing purposes.

Indecent exposure is not a lesser-included offense of maltreatment because they have different elements. *Compare* MCM, Part IV, para. 88b (listing willful exposure as an element of indecent exposure), *with* MCM, Part IV, para. 17b (listing the status of the victim as a person subject to the orders of the accused as an element of maltreatment); *see also United States v. Oatney,* 45 M.J. 185, 188 (1996); *United States v. Balcarczyk,* 52 M.J. 809, 812–14 (N.M.Ct.Crim.App.2000) (holding that violations of the punitive instruction prohibiting sexual harassment under Article 92, UCMJ, 10 U.S.C. § 892, were not multiplicious for findings with the corresponding sexual misconduct offenses under Article 134, UCMJ). Under the elements test, we find that each offense requires proof of a fact not required for the other. *See United States v. Teters,* 37 M.J. 370, 377 (C.M.A.1993). Maltreatment of subordinates and indecent exposure to the public are two different offenses, which focus on preventing harm to different victims. *See United States v. Lee,* 25 M.J. 703, 705 (A.C.M.R.1987) (holding that maltreatment specifications were not multiplicious with specifications for assault consummated by a battery insofar as the specifications were aimed at separate harms); *see also United States v. Lowery,* 21 M .J. 998, 1000–01 n. 3 (A.C.M.R.1986) (explaining that maltreatment by sexual harassment is prohibited in order to protect subordinate soldiers from sexual misconduct by their military superiors), *aff'd,* 24 M.J. 347 (C.M.A. 1987).

We find that these two maltreatment specifications are not multiplicious or an unreasonable multiplication of the charges[6] with the corresponding indecent exposure specifications. We have also considered the matters submitted by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge TOOMEY and Judge CARTER concur.

---

6. *See* Rule for Courts–Martial 307(c)(4) discussion; *Balcarczyk,* 52 M.J. at 813–14.