SULLIVAN, Senior Judge
(concurring in the result):
Appellant was found guilty of maltreatment under Article 93, Uniform Code of Military Justice (UCMJ), 10 USC § 893, for “exposing his penis” to a female military subordinate, Private (PVT) G. The assigned issue in this case asks whether the Army Court of Criminal Appeals erred when it affirmed appellant’s conviction for such maltreatment, “when there was no evidence to show that appellant’s actions caused the alleged victim any physical or mental pain or suffering.” I would affirm appellant’s conviction for maltreatment because there was uncontested evidence in this case from which the military judge could, and did, find beyond a reasonable doubt that appellant’s misconduct actually caused his military subordinate *416 mental suffering. See generally United States v. Turner, 25 MJ 324 (CMA 1987).
Article 93, UCMJ, states that “[a]ny person subject to this chapter who is guilty of cruelty toward, or oppression or maltreatment of, any person subject to his orders shall be punished as a court-martial may direct.” (Emphasis added.) Paragraph 17c(2), Part IV, Manual for Courts-Martial, United States (1998 ed.), further provides that “[t]he cruelty, oppression, or maltreatment, although not necessarily physical, must be measured by an objective standard.”[1] The Military Judges’ Benchbook, Dept, of the Army Pamphlet 27-9 (Sept. 30, 1996)(“Benchbook”), explained Article 93, UCMJ, as follows:
ELEMENTS:
(1) That (state the name (and rank) of the alleged victim) was subject to the orders of (state the name of the accused), the accused; and
(2) That (state the time and place alleged), the accused (was cruel toward) (oppressed) (maltreated) (state the name of the alleged victim) by (state the manner alleged).
DEFINITIONS AND OTHER INSTRUCTIONS:
You are advised that the (cruelty) (oppression) (or) (maltreatment) must be real, although it does not have to be physical.
The word(s) (“cruel”) (“oppressed”) (and) (“maltreated”) refer(s) to unwarranted, harmful, abusive, rough, or other unjustifiable treatment which, under all the circumstances:

(a) results in physical or mental pain or suffering, and

(b) is unwarranted, unjustified and unnecessary for any lawful purpose.
Id. at 3-17-1 (emphasis added).
The Court of Criminal Appeals in August of 2001 provided a considerably narrower definition of maltreatment under Article 93, UCMJ, than the Benchbook and applied that definition in affirming appellant’s case, stating that
[a] prior decision of this court, affirming a maltreatment conviction involving non-consensual sexual harassment noted that “physical or mental pain or suffering” is required. See United States v. Rutko, 36 MJ 798, 801-02 (ACMR 1993). After reevaluating this issue, we now conclude that because the UCMJ and the Manual for Courts-Martial do not require physical or mental pain or suffering, a nonconsensual sexual act or gesture may constitute sexual harassment and maltreatment without this negative victim impact.[*]
Accordingly, we need not decide in this case whether appellant’s nonconsensual, offensive, and indecent exposure of his penis to PVT G caused her “physical or mental pain or suffering,” because it was otherwise abusive, unwarranted, unjustified, and unnecessary for any lawful purpose, and therefore constitutes the crime of maltreatment. Considering the record as a whole, we are convinced beyond a reasonable doubt that the evidence was legally and factually sufficient to prove that appellant was properly found guilty of maltreatment for his sexual harassment of PVT G by his “deliberate ... offensive ... gesture [] of a sexual nature,” to wit: his exposure of his penis to her.
55 MJ 656, 659 (2001)(footnote omitted and emphasis added).
As indicated above, the Army Court of Criminal Appeals employed a less demanding *417 standard for determining maltreatment because it did not require a showing that physical or mental harm or suffering of any type occurred. It additionally defined maltreatment as only requiring a showing of treatment which “is otherwise abusive, unwanted, unjustified and unnecessary for any lawful purpose.” Id. It also chose to apply this lesser standard in appellant’s case even though the more demanding standard was used by the trier of fact[2] in accordance with well-established Army legal authority. See Military Judges’ Guide, Dept. of the Army Pamphlet 27-9 (May 19, 1969). In my view, this precipitous action by the Army court was unexpected[3] and, accordingly, erroneous. See Bouie v. City of Columbia, 378 U.S. 347, 352-53, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); Gall v. Parker, 231 F.3d 265, 304-305 (6th Cir.2000). Nevertheless, the Court of Criminal Appeals’ error was harmless. Article 59(a), UCMJ, 10 USC § 859(a).
Despite trial counsel’s argument, the more demanding standard which required actual pain and suffering was utilized at appellant’s trial. Moreover, there clearly was sufficient evidence of physical harm or mental pain and suffering presented in this case to meet the demands of Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Finally, I see no reasonable likelihood that the appellate court below will reach a different conclusion on factual sufficiency using the correct standard. See generally United States v. Weatherspoon, 49 MJ 209, 212 (1998).
In particular, there was uncontested evidence presented in this case upon which the members could convict appellant of maltreatment under the actual pain and suffering standard in effect in the Army at the time of appellant’s trial. The female subordinate, PVT G, testified that she was “shoek[ed]” and “bothered” by seeing appellant’s penis. Her friend who was with her that night further testified that PVT G had an upset look on her face (“[a] frown”). Evidence of PVT G’s physical reactions of the victim to the exposure is strong circumstantial evidence of mental suffering. Cf. United States v. Fuller, 54 MJ 107, 113 (2000)(conviction for maltreatment reversed where no evidence presented that sexual conduct was offensive to alleged victim)(Sullivan, J., concurring).
Finally, I agree with the establishment of a purely objective standard to determine the existence of maltreatment under Article 93, UCMJ, in future cases.[4] Cf. United States v. Knight, 52 MJ 47, 49 (1999). Article 93, UCMJ, does not expressly require a showing of actual physical or mental harm for conviction. Moreover, a purely objective approach, ie., one not depending on actual harm or suffering of the victim, is consistent with the Navy’s pre-codal concern for abusive or unauthorized conduct by those who give orders to military subordinates. See United States v. Goddard, 47 MJ 581 (N.M.Ct.Crim.App. 1997); United States v. Finch, 22 CMR 698, 701 (NBR 1956). Finally, a reasonable person approach[5] to the question of harm or suffering is consistent with the President’s view that this statute afford protection to service members for real, not feigned, complaints of mistreatment. See James Snedeker, Military Justice under the Uniform Code *418 828 (1953); Paragraph 172, Manual for Courts-Martial, United States, 1951; see generally 2B Norman J. Singer, Sutherland Statutory Construction § 49.08 (6th ed.2000)(a statute may be interpreted in accordance with its application by authorities immediately after its enactment).

 In accordance with this opinion, we recommend modification of paragraph 3-17-1 d of the Military Judges’ Benchbook, to state that in non-consensual, sexual harassment maltreatment cases: "Maltreatment refers to treatment which, under all the circumstances: (a) results in harmful, physical or mental pain or suffering, or (b) is otherwise, abusive, unwarranted, unjustified and unnecessary for any lawful purpose."

. Arguably, this Manual explanation is somewhat ambiguous. First, it can be read to require proof of a certain level of physical or mental pain or suffering, namely that which a reasonable man or woman would experience from such conduct. On the other hand, it can be read as requiring no proof of actual pain or suffering, but that a reasonable person would have experienced pain or suffering from the charged conduct.

. The military judge granted a defense motion for a finding of not guilty with respect to a maltreatment offense alleged in Charge III, Specification 3. The defense argued that no evidence had been introduced showing "some level of pain, some suffering that’s caused ...” and that such proof was required.

. The Army court rejected its own service’s military judges’ guide in favor of a vacated Navy-Marine Corps Court of Criminal Appeals decision in United States v. Goddard, 47 MJ 581, 584 (N.M.Ct.Crim.App.1997)(vacated on other grounds upon reconsideration, 54 MJ 763 (N.M.Ct.Crim.App.2000)).

. The majority states "It is only necessary to show, as measured from an objective viewpoint in light of the totality of the circumstances that the accused’s actions reasonably could have caused physical or mental harm or suffering.” 57 MJ at 415.

. The language of Article 93, Uniform Code of Military Justice, 10 USC § 893, (cruelty, oppression, maltreatment) must be construed within the context of the good order and discipline required to complete the military mission. Common sense dictates that these terms not be defined in terms of the particular sensitivities of the victim. See generally Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).