IN THE CASE OF


UNITED STATES, Appellee

v.

Claude B. CARSON, Jr., Sergeant
U.S. Army, Appellant

No. 01-0760

Crim. App. No. 9801402

United States Court of Appeals for the Armed Forces

Argued January 23, 2002

Decided September 30, 2002

     EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and GIERKE, and BAKER, JJ., joined.  SULLIVAN,
S.J., filed an opinion concurring in the result.


Counsel

For Appellant:  Major Imogene M. Jamison, (argued); Colonel Adele H. Odegard,
Lieutenant Colonel E. Allen Chandler, Jr., and Captain Sean S. Park (on
brief).


For Appellee:  Major Margaret B. Baines (argued); Colonel Steven T. Salata
(on brief); Colonel David L. Hayden, Lieutenant Colonel Edith M. Rob, Major
Anthony P. Nicastro, and Captain Arthur L. Rabin.



Military Judge:  Donna M. Wright

**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.**

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted appellant, contrary to his pleas, of five specifications of maltreatment and three specifications of indecent exposure, in violation of Articles 93 and 134, Uniform Code of Military Justice (UCMJ), 10 USC §§ 893 and 934. He was sentenced to a bad-conduct discharge, confinement for forty-two months, and reduction to E-1. The convening authority approved the sentence as adjudged. In his post-trial action, the convening authority "waive[d] automatic forfeitures in accordance with Article 58b(b), UCMJ, [10 USC § 858(b),] and direct[ed] payment of these forfeitures to the accused's wife . . . for six months, the maximum period allowed by law." The Court of Criminal Appeals affirmed the findings and sentence. 55 MJ 656 (2001).

On appellant's petition, we granted review of the following issue:

> WHETHER THE ARMY COURT OF CRIMINAL APPEALS
> ERRED WHEN IT HELD SPECIFICATION 7 OF CHARGE
> III (MALTREATMENT) WAS LEGALLY SUFFICIENT
> WHEN THERE WAS NO EVIDENCE TO SHOW THAT
> APPELLANT'S ACTIONS CAUSED THE ALLEGED
> VICTIM ANY PHYSICAL OR MENTAL PAIN OR
> SUFFERING.

For the reasons discussed below, we affirm.

I. FACTS

A. Trial

Appellant pleaded not guilty to a variety of charges and specifications alleging fraternization with junior enlisted personnel, dereliction of duty, maltreatment of subordinates, sodomy, indecent acts, and indecent exposure -- all taking place over an 18-month period from late-1996 to mid-1998. He was acquitted of many of these specifications and was convicted of several others, including an allegation that he had maltreated Private (PVT) G, a person subject to his orders, by exposing his penis to her.

During the period at issue, appellant was the supervising desk sergeant in a military police (MP) station, and his victims were young enlisted female MPs. PVT G, who was 20 years old, had been in the Army for less than one year, and was serving in her first permanent duty assignment as an MP. Appellant was her duty supervisor during her shift. In her direct testimony, PVT G described an incident that occurred in the MP station on June 3, 1998, at 1:00 a.m., in which appellant twice exposed his penis to her while purporting to change clothes in the bathroom. In each instance, appellant -- clothed only in black socks and a brown T-shirt that went "[m]aybe a little past his waist" -- expressly drew PVT G's attention to himself while his penis was

3

exposed.  Appellant made no effort to cover himself on either occasion.

PVT G acknowledged on cross-examination that appellant did not touch her or make any sexual comments to her, and that she did not report appellant's conduct to anyone until 4:00 or 5:00 p.m., even though her shift ended at 6:00 a.m.  In the interim, however, she told another young female MP what had transpired. She testified that she was "shocked" and "bother[ed]" by the exposure, and felt like "a victim."

At the conclusion of the prosecution's case, the defense moved for a finding of not guilty on the maltreatment and attempted fraternization charges.  With respect to the maltreatment charges, defense counsel argued that even if the testimony of the prosecution witnesses was believable, "it certainly does not rise to the level of maltreatment, as defined and required by the elements within Article 93, UCMJ . . . ." After noting that "several of the witnesses . . . [testified that they were] not disturbed or distressed, and sometimes not even offended, by the behavior[,]" defense counsel argued that

> the alleged victims have not experienced the
> anguish that the cases refer to.  Hanson[1]
> talks about mental suffering, mental
> cruelty, physical cruelty or suffering, and
> looking at the maltreatment standard would
> be some level of pain, some suffering that's
> caused, that simply hasn't been satisfied by

---

[1] United States v. Hanson, 30 MJ 1198 (AFCMR 1990). See Section II.B., infra.

4

> any testimony or any evidence that we've
> heard presented by the [G]overnment today .
> . . .

In response, the trial counsel argued that under the definition of maltreatment in the Manual for Courts-Martial, the prosecution is not required to prove that the victims were harmed emotionally or physically.  See Paragraph 17c(2), Part IV, Manual for Courts-Martial, United States (2000 ed.).[2]  The prosecution further argued that the Manual provides for "an objective standard[,] and the subjective belief of the . . . victim witness . . . has borderline relevance, at most . . . .".  The military judge asked whether the prosecution was required to prove that there was "some perception of unwanted treatment by the actual victim in order for it to constitute maltreatment[.]"  Trial counsel responded that although there was sufficient evidence to meet a subjective standard, the UCMJ and the Manual did not require proof of the subjective perception of the victim.  See id. (the "maltreatment, although not necessarily physical, must be measured by an objective standard").

After dismissing one of the maltreatment specifications, the military judge, without further comment, denied the motion with respect to the remaining six maltreatment specifications and the fraternization charge.

_____

[2] All Manual provisions cited are identical to those in effect at the time of appellant's court-martial.

5

During closing arguments, the assistant defense counsel asserted that PVT G's view of appellant's exposed penis was unintended -- an "accident" under the circumstances. The assistant defense counsel also contended that none of the alleged maltreatment victims, including PVT G, had been maltreated. He argued:

> They are not victims in the true sense of that word; they are not traumatized by this. There was no physical malady which has been put upon them; there is no mental anguish which they have really suffered from as a result of this. It does not rise to the level of maltreatment, as that is meant under the Uniform Code of Military Justice. . . . Being a little uncomfortable and being bothered a little bit, Your Honor, is not being maltreated by your senior non-commissioned officer. There needs to be more. Maltreatment is in the Uniform Code of Military Justice to make sure people like drill sergeants don't physically abuse their soldiers; not to make sure that soldiers who are made a little uncomfortable by NCOs can have recourse in a court of law against them.

The military judge was not persuaded, and found appellant guilty of five of the remaining six maltreatment specifications, with minor modifications.


## B. Court of Criminal Appeals

In the Court of Criminal Appeals, appellant pursued his contention that under Article 93, UCMJ, the prosecution was required to prove that appellant's actions produced actual

6

physical or mental pain or suffering by the victim, PVT G.  55

MJ at 657.  The court disagreed:

> A prior decision of this court affirming a maltreatment conviction involving nonconsensual sexual harassment noted that "physical or mental pain or suffering" is required.  See United States v. Rutko, 36 MJ 798, 801-02 (ACMR 1993).  After reevaluating this issue, we now conclude that because the UCMJ and the Manual for Courts-Martial do not require physical or mental pain or suffering, a nonconsensual sexual act or gesture may constitute sexual harassment and maltreatment without this negative impact.

Id. at 659 (footnote omitted).  The court added:

> [W]e need not decide . . . whether appellant's nonconsensual, offensive, and indecent exposure of his penis to PVT G caused her "physical or mental pain or suffering," because it was otherwise abusive, unwarranted, unjustified, and unnecessary for any lawful purpose, and therefore constitutes the crime of maltreatment.

Id.

The issue in the present appeal requires us to decide

whether the Court of Criminal Appeals was correct when it

concluded that in a maltreatment case the prosecution need not

prove that a subordinate suffered actual physical or mental

harm.

II. PROOF OF MALTREATMENT UNDER ARTICLE 93

A. The Statute, the Manual, and the Military Judges' Benchbook

Article 93, UCMJ, proscribes "cruelty toward, or oppression or maltreatment of, any person subject to [the accused's] orders . . . ."  The explanation of maltreatment in the Manual, states: "The cruelty, oppression, or maltreatment, although not necessarily physical, must be measured by an objective standard."  Paragraph 17c(2), Part IV, Manual, supra.  The current provision is based upon the guidance in prior editions of the Manual, which provided that the cruelty, oppression, or maltreatment "must be real, although not necessarily physical." Drafters' Analysis of Punitive Articles, Manual, supra, at A23-6; see also Paragraph 172, Manual for Courts-Martial, United States, 1969 (Rev. ed.); Paragraph 172, Manual for Courts-Martial, United States, 1951.

The current Manual also states that "sexual harassment may constitute this offense," defining "sexual harassment" as including "influencing, offering to influence, or threatening the career, pay, or job of another person in exchange for sexual favors, and deliberate or repeated offensive comments or gestures of a sexual nature."  Paragraph 17c(2), Part IV, Manual, supra.  The Drafters' Analysis of Punitive Articles notes that "[t]he example of sexual harassment was added [in 1984] because some forms of such conduct are nonphysical

8

United States v. Carson, No. 01-0760/AR

maltreatment."  Manual, supra at A23-6.  The Military Judges'
Benchbook contains a nonbinding model instruction describing
maltreatment as "unwarranted, harmful, abusive, rough, or other
unjustifiable treatment which, under all the circumstances . . .
results in mental or physical pain or suffering."  Military
Judges' Benchbook, Dept. of the Army Pamphlet 27-9 (Apr. 1,
2001)("Benchbook").[3]

## B. Judicial Consideration

The question of whether actual victim harm is required
under Article 93, UCMJ, has been discussed in a number of
judicial opinions.  In United States v. Finch, 22 CMR 698, 700
(NBR 1956), the appellant, who was in charge of prisoner detail,
ordered the prisoners to kick and strike each other with their
fists.  The court upheld the conviction, observing that even if
some of the witnesses regarded the treatment as "horseplay" and
no one was physically harmed, the conduct amounted to
maltreatment because it was improper for the accused to subject
persons under his control to such "ill befitting treatment."
Id. at 701.

United States v. Hanson, 30 MJ 1198, 1200 (AFCMR 1990),
concerned a maltreatment conviction of an officer who made
repeated sexual remarks and gestures to his subordinates in the

---

[3] This Benchbook instruction is identical to the one in the Benchbook in
effect at the time of appellant's court-martial.

duty environment over an extended period of time. At trial, the accused said that he was simply joking, and that his words and actions were designed to establish informal and effective office relationships. See id. at 1200-01. On appeal, he stressed that the testimony of his subordinates demonstrated that they did not take his words and actions literally as an invitation to engage in sexual activity. Id. The court rejected his argument, describing maltreatment as a general intent offense that may be proved by an objective view of the language or gestures without regard to the subjective intent of the accused. Id. In the course of providing a general description of the offense, the court noted the Benchbook's instruction that the "offense occurs when the treatment, viewed objectively, results in physical or mental pain or suffering . . . ." Id. at 1201. The court emphasized the need to consider the "totality" of the circumstances, noting:

> Appropriate conduct can only be discerned by examination of the relevant surrounding circumstances. For example, what is condoned in a professional athletes' locker room may well be highly offensive in a house of worship. A certain amount of banter and even profanity in a military office is normally acceptable and, even when done in "poor taste," will only rarely rise to the level of criminal misconduct.

Id. The court concluded that it was "clear from the totality of . . . [Captain Hanson's] actions that his conduct was so abusive

10

and unwarranted as to support his conviction for maltreatment."
Id.

In United States v. Rutko, 36 MJ 798, 798 (ACMR 1993), a
noncommissioned officer was convicted of a number of offenses,
including consensual and nonconsensual sexual acts, and
maltreatment of military subordinates.  On appeal, one of the
issues concerned the legal and factual sufficiency of the
evidence with respect to the maltreatment specifications.  Id.
at 801.  In the course of providing an overview of the offense,
the Army court noted that the elements of the offense, under
Para. 17b, Part IV, Manual for Courts-Martial, United States,
1984, as well as the explanation in Para. 17c(2), indicate that
the maltreatment need not be physical, and that it includes
sexual harassment.  Id. at 801.  Citing Hanson, supra, the court
further stated that maltreatment "is a general intent crime,"
and noted that "the offense occurs when the treatment, viewed
objectively, results in physical or mental pain or suffering and
is abusive or otherwise unwarranted, unjustified and unnecessary
for any lawful purpose."  Id.  Without discussing whether there
was any physical or mental pain or suffering in the case, the
court concluded that the appellant's actions constituted
maltreatment:

> [He] used his position and prestige as the
> first sergeant to target soldiers in his
> unit to lure to his room to take advantage

> of them for unwarranted and unlawful sexual acts.  We find that using a superior military position to induce soldiers to commit unwanted sexual acts is maltreatment.

Id.

In United States v. Harris, 41 MJ 890, 891 (A. Ct. Crim. App. 1995), the Army court considered the conviction of a noncommissioned officer for rape and maltreatment of a subordinate.  The court reversed the appellant's conviction on the ground that exclusion of evidence relevant to consent constituted prejudicial error.  Id. at 894.  In the context of describing the offense of maltreatment, the court noted the reference in Rutko to physical or mental pain or suffering.  Id. The court focused its decision, however, on the issue of consent and did not rely on the presence or absence of evidence regarding pain or suffering.  Id.

In a subsequent case, the Navy-Marine Corps Court of Criminal Appeals held that proof of actual pain or suffering is not required in a maltreatment prosecution.  United States v. Goddard, 47 MJ 581, 584 (N-M. Ct. Crim. App. 1997) [hereinafter Goddard I], vacated on other grounds upon reconsideration, 54 MJ 763 (NMCCA 2000) [hereinafter Goddard II].  Goddard I sustained the conviction of a noncommissioned officer who engaged in "adulterous, indecent sexual activity with a subordinate, on duty, at least partially in uniform, on the floor of his unit's

administrative office . . . ." Id. at 586.  After stating that "in the naval service, specific findings of actual physical or mental pain or suffering on the part of any particular victim have never been required." Id. at 584 (citations omitted).  The court added:  "We recognize that the Military Judge's Benchbook can be read to require that the ill treatment subjectively result in 'physical or mental pain or suffering,' presumably on the part of the victim. . . .  We find no legal or historical basis for this requirement. . . ." Id. at 584 n.4.  The court held that "[the] appellant objectively maltreated Private S, subjecting her to physical and mental oppression by encouraging her to engage in unlawful acts, which were . . . unnecessary for any lawful purpose." Id. at 584.

Following a rehearing on sentence and further review, the Navy-Marine Corps court reconsidered and vacated its prior decision, and affirmed only a lesser included conviction for a simple disorder under Article 134, 10 USC § 834. See United States v. Goddard, 54 MJ 763, 767 (2000)(Goddard II).  In Goddard II, the court did not discuss physical or mental pain or suffering, or otherwise revisit the legal framework employed in Goddard I.  The court concluded, however, that the evidence was legally and factually insufficient to prove maltreatment, holding that a consensual sexual relationship between a superior and a subordinate, in the absence of other factors, did not meet

13

the objective standard for a maltreatment conviction.  Id. at 767.

Our Court has not addressed the issue of whether actual mental or physical pain and suffering on the part of the victim is a necessary component of the prosecution's case under Article 93, UCMJ.  See United States v. Knight, 52 MJ 47 (1999).  In United States v. Fuller, 54 MJ 107, 110 (2000), a case involving consensual sexual relations between a noncommissioned officer and a subordinate, we noted with approval the Manual's use of an objective standard and the application of Article 93, UCMJ, to sexual harassment.  Id.  We discussed the factual context in detail and concluded that "[a]lthough [the] appellant's actions clearly would support a conviction for violating the Army's prohibition against improper relationships between superiors and subordinates, that alone does not support a conviction for the offense of maltreatment.  Id. at 111 (footnote omitted).

Although we disapproved the maltreatment conviction, we affirmed a conviction for the lesser included offense of a simple disorder under Article 134, UCMJ.  Id. at 112.  The discussion of maltreatment focused on the objective test, as well as the need to assess the totality of the circumstances, and did not address the issue of whether Article 93, UCMJ, requires a showing of actual mental or physical pain or suffering.

III. DISCUSSION

Although the words used by Congress to describe the proscribed conduct -- "cruelty," "oppression," and "maltreatment" -- depict situations that frequently involve physical or mental suffering on the part of the victim, the legislative history does not indicate that Congress sought to exclude cases meeting an objective standard.

We do not interpret the statute as precluding a conviction when, as an objective matter, the accused has engaged in behavior that amounts to cruelty, oppression, or maltreatment, even though the proof of harm or injury to the victim might fall short of demonstrating actual physical and mental pain or suffering. The essence of the offense is abuse of authority. Whether conduct constitutes "maltreatment" within the meaning of Article 93, UCMJ, in a particular case requires consideration of the specific facts and circumstances of that case. The decisions in Finch, Hanson, Rutko, and Goddard I, which employed an objective evaluation of the record, reflect this approach. We conclude that an objective evaluation of the totality of the circumstances represents the appropriate mode of analysis under Article 93, UCMJ.

In the present case, the Army court appropriately reviewed appellant's conviction for legal and factual sufficiency under

15

an objective standard.  Although not necessary to our decision, we note that in other instances in which Congress intended actual harm to be an element of an offense under the UCMJ, the statute clearly expressed such a requirement.  See, e.g., Article 128(b)(2), UCMJ, 10 USC § 928(b)(2) (aggravated assault where grievous bodily harm is inflicted).  Cf. Article 90(1), UCMJ, 10 USC § 890(1) (assaulting a superior commissioned officer by "strik[ing]" that officer); Article 91(1), UCMJ, 10 USC § 891(1) (insubordinate conduct toward warrant, noncommissioned, or petty officer by "strik[ing] or assault[ing]" the victim); Articles 118 and 119, UCMJ, 10 USC §§ 918 and 919 (murder and manslaughter, respectively, by "kill[ing]" the victim); Article 122, UCMJ, 10 USC § 922 (robbery "by means of force or violence or fear of immediate or future injury"); Article 128, UCMJ (assault by "attempt[ing] or offer[ing] with unlawful force or violence to do bodily harm to another person").

We conclude that in a prosecution for maltreatment under Article 93, UCMJ, it is not necessary to prove physical or mental harm or suffering on the part of the victim, although proof of such harm or suffering may be an important aspect of proving that the conduct meets the objective standard.  It is only necessary to show, as measured from an objective viewpoint in light of the totality of the circumstances, that the

16

accused's actions reasonably could have caused physical or mental harm or suffering.

## III.  DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.

<u>United States v. Carson</u>, No. 01-0760/AR

SULLIVAN, Senior Judge (concurring in the result):

Appellant was found guilty of maltreatment under Article 93, Uniform Code of Military Justice (UCMJ), 10 USC § 893, for "exposing his penis" to a female military subordinate, Private (PVT) G. The assigned issue in this case asks whether the Army Court of Criminal Appeals erred when it affirmed appellant's conviction for such maltreatment, "when there was no evidence to show that appellant's actions caused the alleged victim any physical or mental pain or suffering." I would affirm appellant's conviction for maltreatment because there was uncontested evidence in this case from which the military judge could, and did, find beyond a reasonable doubt that appellant's misconduct actually caused his military subordinate mental suffering. <u>See generally</u> <u>United States v. Turner</u>, 25 MJ 324 (CMA 1987).

Article 93, UCMJ, states that "[a]ny person subject to this chapter who is guilty of <u>cruelty toward</u>, <u>or oppression or maltreatment of</u>, any person subject to his orders shall be punished as a court-martial may direct." (Emphasis added.) Paragraph 17c(2), Part IV, Manual for Courts-Martial, United States (1998 ed.), further provides that "[t]he cruelty, oppression, or maltreatment, although not necessarily physical, must be measured by an objective standard."[1] The

---

[1] Arguably, this Manual explanation is somewhat ambiguous. First, it can be read to require proof of a certain level of physical or mental pain or suffering, namely that which a reasonable man or woman would experience from such conduct. On the other hand, it can be read as requiring no proof of

1

United States v. Carson, No. 01-0760/AR

Military Judges' Benchbook, Dept. of the Army Pamphlet 27-9 (Sept. 30, 1996)("Benchbook"), explained Article 93, UCMJ, as follows:

> ELEMENTS:
>
> (1)  That (state the name (and rank) of the alleged victim) was subject to the orders of (state the name of the accused), the accused; and
> (2)  That (state the time and place alleged), the accused (was cruel toward) (oppressed) (maltreated) (state the name of the alleged victim) by (state the manner alleged).
>
> DEFINITIONS AND OTHER INSTRUCTIONS:
>
> You are advised that the (cruelty) (oppression) (or) (maltreatment) must be real, although it does not have to be physical.
> *          *          *
> The word(s) ("cruel") ("oppressed") (and) ("maltreated") refer(s) to unwarranted, harmful, abusive, rough, or other unjustifiable treatment which, under all the circumstances:
>
> (a)  results in physical or mental pain or suffering, and
> (b)  is unwarranted, unjustified and unnecessary for any lawful purpose.

Id. at 3-17-1 (emphasis added).

The Court of Criminal Appeals in August of 2001 provided a considerably narrower definition of maltreatment under Article 93, UCMJ, than the Benchbook and applied that definition in affirming appellant's case, stating that

> [a] prior decision of this court affirming a maltreatment conviction involving nonconsensual sexual harassment noted that "physical or mental pain or suffering" is required.  See United States

---

actual pain or suffering, but that a reasonable person would have experienced pain or suffering from the charged conduct.

2

> v. Rutko, 36 MJ 798, 801-02 (ACMR 1993). <u>After reevaluating this issue, we now conclude that because the UCMJ and the Manual for Courts-Martial do not require physical or mental pain or suffering</u>, a nonconsensual sexual act or gesture may constitute sexual harassment and maltreatment without this negative victim impact.[*]

> Accordingly, we need not decide in this case whether appellant's nonconsensual, offensive, and indecent exposure of his penis to PVT G caused her "physical or mental pain or suffering," because it was otherwise abusive, unwarranted, unjustified, and unnecessary for any lawful purpose, and therefore constitutes the crime of maltreatment. Considering the record as a whole, we are convinced beyond a reasonable doubt that the evidence was legally and factually sufficient to prove that appellant was properly found guilty of maltreatment for his sexual harassment of PVT G by his "deliberate . . . offensive . . . gesture [] of a sexual nature," to wit: his exposure of his penis to her.

> _____
>      * In accordance with this opinion, we recommend modification of paragraph 3-17-1d of the Military Judges' Benchbook, to state that in nonconsensual, sexual harassment maltreatment cases: "Maltreatment refers to treatment which, under all the circumstances: <u>(a) results in harmful, physical or mental pain or suffering, or</u> (b) is otherwise, abusive, unwarranted, unjustified and unnecessary for any lawful purpose."

56 MJ 656, 659 (2001)(footnote omitted and emphasis added).

As indicated above, the Army Court of Criminal Appeals employed a less demanding standard for determining maltreatment because it did not require a showing that physical or mental harm or suffering of any type occurred. It additionally defined maltreatment as only requiring a showing of treatment which "is otherwise abusive, unwanted, unjustified and unnecessary for any lawful purpose." <u>Id</u>. It also chose to apply this lesser

United States v. Carson, No. 01-0760/AR

standard in appellant's case even though the more demanding standard was used by the trier of fact[2] in accordance with well-established Army legal authority.  See Military Judges' Guide, Dept. of the Army Pamphlet 27-9 (May 19, 1969).  In my view, this precipitous action by the Army court was unexpected[3] and, accordingly, erroneous.  See Bouie v. City of Columbia, 378 U.S. 347, 352-53 (1964); Gall v. Parker, 231 F.3rd 265, 304-305 (6th Cir. 2000).  Nevertheless, the Court of Criminal Appeals' error was harmless.  Article 59(a), UCMJ, 10 USC § 859(a).

Despite trial counsel's argument, the more demanding standard which required actual pain and suffering was utilized at appellant's trial.  Moreover, there clearly was sufficient evidence of physical harm or mental pain and suffering presented in this case to meet the demands of Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).  Finally, I see no reasonable likelihood that the appellate court below will reach a different conclusion on factual sufficiency using the correct standard.  See generally United States v. Weatherspoon, 49 MJ 209, 212 (1998).

In particular, there was uncontested evidence presented in this case upon which the members could convict appellant of maltreatment under the actual pain and suffering standard in

---

[2] The military judge granted a defense motion for a finding of not guilty with respect to a maltreatment offense alleged in Charge III, Specification 3. The defense argued that no evidence had been introduced showing "some level of pain, some suffering that's caused . . ." and that such proof was required.

[3] The Army court rejected its own service's military judges' guide in favor of a vacated Navy-Marine Corps Court of Criminal Appeals decision in United

United States v. Carson, No. 01-0760/AR

effect in the Army at the time of appellant's trial.  The female subordinate, PVT G, testified that she was "shock[ed]" and "bothered" by seeing appellant's penis.  Her friend who was with her that night further testified that PVT G had an upset look on her face ("[a] frown").  Evidence of PVT G's physical reactions of the victim to the exposure is strong circumstantial evidence of mental suffering.  Cf. United States v. Fuller, 54 MJ 107, 113 (2000)(conviction for maltreatment reversed where no evidence presented that sexual conduct was offensive to alleged victim)(Sullivan, J., concurring).

Finally, I agree with the establishment of a purely objective standard to determine the existence of maltreatment under Article 93, UCMJ, in future cases.[4]  Cf. United States v. Knight, 52 MJ 47, 49 (1999).  Article 93, UCMJ, does not expressly require a showing of actual physical or mental harm for conviction.  Moreover, a purely objective approach, i.e., one not depending on actual harm or suffering of the victim, is consistent with the Navy's pre-codal concern for abusive or unauthorized conduct by those who give orders to military subordinates.  See United States v. Goddard, 47 MJ 581 (N-M Ct. Crim. App. 1997); United States v. Finch, 22 CMR 698, 701 (NBR 1956).  Finally, a

States v. Goddard, 47 MJ 581, 584 (N-M Ct. Crim. App. 1997)(vacated on other grounds upon reconsideration, 54 MJ 763 (N-M Ct. Crim. App. 2000).

[4] The majority states "It is only necessary to show, as measured from an objective viewpoint in light of the totality of the circumstances that the accused's actions reasonably could have caused physical or mental harm or suffering.  __ MJ at (17).

reasonable person approach[5] to the question of harm or suffering is consistent with the President's view that this statute afford protection to service members for real, not feigned, complaints of mistreatment.  See James Snedeker, <u>Military Justice under the Uniform Code</u> 828 (1953); Paragraph 172, Manual for Courts-Martial, United States, 1951; <u>see generally</u> 2B Norman J. Singer, <u>Sutherland Statutory Construction</u> § 49.08 (6th ed. 2000)(a statute may be interpreted in accordance with its application by authorities immediately after its enactment).

---

[5] The language of Article 93, Uniform Code of Military Justice, 10 USC § 893, (cruelty, oppression, maltreatment) must be construed within the context of the good order and discipline required to complete the military mission. Common sense dictates that these terms not be defined in terms of the particular sensitivities of the victim.  <u>See generally</u> <u>Parker v. Levy</u>, 417 U.S. 733 (1974).