UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and CONN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Master Sergeant ROLAND PEREZ
 United States Army, Appellant

 ARMY 20071308

 Headquarters, U.S. Army Special Operations Command
 Patrick J. Parrish, Military Judge
 Colonel Mark W. Seitsinger, Staff Judge Advocate

For Appellant: Captain Richard P. Pizur, JA (argued); Lieutenant Colonel
Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major
Bradley Voorhees, JA; Captain Richard P. Pizur, JA (on brief in support of
argument); Lieutenant Colonel Jonathan Potter, JA; Major Teresa L. Raymond,
JA; Captain Richard P. Pizur, JA (on brief).

For Appellee: Captain Jonathan P. Robell, JA (argued); Colonel Denise R.
Lind, JA; Lieutenant Colonel Mark H. Sydenham, JA; Major Christopher B.
Burgess JA; Captain Jonathan P. Robell, JA (on brief).

 7 May 2009

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------

Per Curiam:

 A general court-martial composed of officer and enlisted members
convicted appellant, contrary to his pleas, of violating a lawful general
regulation (inappropriate relationships with trainees) (two
specifications), maltreatment of a subordinate, and indecent assault, in
violation of Articles 92, 93, and 134, UCMJ (Uniform Code of Military
Justice), 10 U.S.C. §§ 892, 893, 934. The convening authority approved the
adjudged sentence to a bad-conduct discharge, confinement for twenty-four
months, forfeiture of all pay and allowances, and reduction to the grade of
Private E1. This case is before us for review under Article 66, UCMJ.

 Appellant alleges the evidence is factually and legally insufficient
to support his conviction for maltreatment of a subordinate under Article
93, UCMJ, and that the military judge abused his discretion in admitting
uncharged misconduct under Military Rule of Evidence [hereinafter Mil. R.
Evid.] 404(b). For reasons outlined below, we disagree.

 BACKGROUND AND DISCUSSION

 Advising a Married Subordinate to “Get Laid”& Sexually Suggestive
 Statements

 Appellant was the direct supervisor and noncommissioned officer (NCO)
in charge of Staff Sergeant (SSG) V, a female, with whom appellant had a
professional, mentoring relationship imposed by duty and customs of the
service. Staff Sergeant V approached appellant while she was physically
distraught over discovery of her husband’s marital infidelity. When
discussing her situation, appellant suggested SSG V “should get laid
[engage in sexual intercourse]” to make herself feel better. Staff
Sergeant V reacted by indicating she had planned on being married to her
husband for life and “getting laid” wasn’t going to make her feel better.
Appellant responded by stating he “[got] laid” when his marriage broke up,
making him realize he was handsome and attractive to women. Appellant then
characterized himself as “the shiznit [the best]” to SSG V. Appellant
concluded by asking SSG V, “what woman wouldn’t want me?” Staff Sergeant V
testified she clearly understood appellant was implying she should have
intercourse with him. This both angered and upset SSG V, who remained
uncomfortable around appellant as her supervisor and afraid to be alone
with him.

 Appellant asserts this conduct is factually and legally insufficient
to constitute the offense of maltreatment. We review the factual and legal
sufficiency of evidence de novo. United States v. Washington, 57 M.J. 394,
399 (C.A.A.F. 2002). The test for legal sufficiency of evidence is
“whether, considering the evidence in the light most favorable to the
prosecution, a reasonable fact finder could have found all of the essential
elements beyond a reasonable doubt.” United States v. Turner, 25 M.J. 324,
324 (C.M.A. 1987). The test for factual sufficiency is “whether, after
weighing the evidence in the record of trial and making allowances for not
having personally observed the witnesses, the appellate court is convinced
of appellant’s guilt beyond a reasonable doubt.” Id. at 325. We are to
draw every reasonable inference from the evidence of record in favor of the
prosecution. See United States v. Rogers, 54 M.J. 244, 246 (C.A.A.F.
2000).

 Sexual harassment is a form of maltreatment under Article 93, UCMJ.
See Manual for Courts-Martial, United States (2005 ed.), Part IV, para.
17b. Maltreatment need not involve physical contact. Id. Sexual
harassment involves words or conduct of a sexual nature which are
“unwarranted, unjustified or unnecessary for any lawful purpose.” United
States v. Hanson, 30 M.J. 1198, 1201 (A.F.C.M.R. 1990) (citations omitted);
aff’d, 32 M.J. 309 (C.M.A. 1991). Maltreatment does not require a
specific intent on the part of the perpetrator. See United States v.
Rutko, 36 M.J. 798, 801 (A.C.M.R. 1993) (citation omitted). The offense is
determined by evaluating the conduct objectively, with permissible
consideration of the subjective impact on the victim. United States v.
Carson, 57 M.J. 410, 415 (C.A.A.F. 2002).

 We find appellant’s conduct constituted maltreatment under Article 93,
UCMJ. Appellant’s suggestion that his married subordinate should “get
laid” and simultaneously seeking her comment on his attractiveness is
unwarranted, unjustified, and served no lawful purpose. Hanson, 30 M.J. at
1201. It represents an abuse of authority because it involved an immediate
subordinate whom appellant supervised and rated, whose career appellant
influenced, and who was subject to real and perceived pressure from
appellant. Carson, 57 M.J. at 415. We cannot ignore that appellant is a
male and the subordinate is a female and, following her opposition to his
sexual and inappropriate suggestion, appellant continued by characterizing
himself to her as “ the shiznit” and asking “what woman wouldn’t want” him.
 The inference under these facts is unmistakable. Whether appellant
intended the unwelcomed sexual comments as a joke is irrelevant. See
Carson, 57 M.J. at 415. The comments in context clearly exceed simple
“poor taste.” United States v. Harmon, 66 M.J. 710, 717 (Army Ct. Crim.
App. 2008) (citation omitted). Appellant’s sexualized remarks chilled the
duty environment and undermined a military relationship his victim would be
hard pressed to avoid.

 Evidence of Sexually-Oriented Screen Saver as an Uncharged Act

 Appellant also alleges the military judge abused his discretion by
admitting evidence appellant used a computer screen saver in his office
which featured a female with her breasts exposed. Appellant had this
sexually explicit image clearly visible in his office when SSG V reported
for a meeting attended by otherwise male-only NCOs. After SSG V objected
and departed the office, appellant and the other male NCOs began laughing.
As she departed, the response of the group, including appellant, was, “OK,
OK, we’ll turn it off, come back.”

 Appellant’s defense counsel objected to this evidence as uncharged
misconduct under Mil. R. Evid. 404(b). After discussing the alleged act
with the trial counsel, the military judge found the sexually explicit
screen saver was encompassed within the charged offense of “repeated
offensive comments of a sexual nature”[1] between 1 March and 1 May 2006.
Appellant argues the military judge should have recognized the evidence as
uncharged misconduct and excluded it. Appellant avers the military judge
failed to conduct a proper balancing test as required for Mil. R. Evid.
404(b) evidence under United States v. Reynolds, 29 MJ 105, 109 (C.M.A.
1989), and urges this court give the military judge’s decision no
deference. See United States v. Manns, 54 MJ 164, 166 (C.A.A.F. 2000).

 We agree with the military judge’s ruling. This evidence is intrinsic
to the charged offense and is not barred by Mil. R. Evid 404(b). See
United States v. Metz, 34 M.J. 349, 351 (C.M.A. 1992); United States v.
Williams, 900 F.2d 823, 826 (5th Cir. 1990); United States v. Coleman, 78
F.3d 154, 156 (5th Cir. 1996). See generally Edward J. Imwinkelried,
Uncharged Misconduct Evidence, § 6:24 (2006). Appellant was charged with
“repeated” offensive comments within a specified several-month timeframe,
and this act occurred within the alleged timeframe and involved the same
victim. This evidence, therefore, is intrinsic evidence which is “part and
parcel” of the charged offense of maltreatment of SSG V between March and
May 2006. United States v. Anderson, 36 M.J. 963, 982 (A.F.C.M.R. 1993).

 Assuming, arguendo, the sexually explicit screensaver was Mil. R.
Evid. 404(b) evidence and it was insufficient under Reynolds to demonstrate
an absence of mistake, innocent motive, or a similar permissible purpose,
we find no prejudice. See United States v. Kerr, 51 MJ 401, 405 (C.A.A.F.
1999). Given the strength of the government’s other evidence and its
materiality and quality, appellant was not substantially prejudiced by the
admission of the sexually explicit screensaver. The conduct is not
substantially different from, or of a more serious character than, the
instance of inappropriate sexual conversation. The military judge’s ruling
effectively protected appellant from double jeopardy and suppressed what
would otherwise be an inducement to overcharge a course of conduct as
separate events, increasing appellant’s punitive exposure. See Metz, 34
M.J. at 351. Therefore, under Kerr, even if appellant’s public display of
a sexually explicit image on his office computer screen constituted
inadmissible Mil. R. Evid. 404(b) evidence, appellant was not substantially
prejudiced by its admission.

 CONCLUSION

 On consideration of the entire record, including the assignments of
error and matters personally asserted by appellant pursuant to United
States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), the findings of guilty and
the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] Pursuant to a Rule for Courts-Martial [hereinafter R.C.M.] 917 motion,
the military judge entered a finding of not guilty to the portion of the
Article 93, UCMJ, specification which read “or gestures” of a sexual
nature. Appellant asserts this ruling is contrary to the judge’s admission
of the screen saver evidence, since the screen saver display is not a
comment. We disagree. We find appellant’s actions to

 (continued . . . )
(. . . continued)
be verbal conduct, recognized as a statement under Mil. R. Evid. 801(d)(2),
and encompassed in the term “comment.” Moreover, the military judge’s
concern appears to have been primarily with charging in the alternative by
using the word “or” as a disjunctive in the specification. We considered
appellant’s supplemental brief after oral argument which notes the allied
papers did not reveal disclosure of this pretrial “statement” pursuant to
Mil. R. Evid. 304(d)(1). However, allied papers are not part of the record
for purposes of our review. United States v. Stokes, 65 M.J. 651, 654
(Army Ct. Crim. Appeals 2007).