# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MATTHEW B. PFRENGER II**
**United States Army, Appellant**

ARMY 20121105

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel John A. Hamner, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Captain A. Jason Nef, JA; Captain Robert A. Feldmeier, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Captain Jaclyn E. Shea, JA  (on brief).

24 April 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of ten specifications of cruelty and maltreatment in violation of Article 93, Uniform Code of Military Justice, 10 U.S.C. § 893 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad conduct discharge, confinement for four months, and reduction to the grade of E-3.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns one error and raises another pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  Appellant's assignment of error warrants brief discussion, but no relief.

Of the ten specifications of cruelty and maltreatment, five were based on physical maltreatment, one was based purely on the use of "racially insensitive

language," and four were based both on physical maltreatment and the use of "racially insensitive language towards" the alleged victims.

The necessity to maintain and enforce an environment free of racially offensive behavior and discrimination is paramount and beyond dispute. *See, e.g.,* Army Reg. 600-20, Army Command Policy, paras. 4-12, 6-2 (18 Mar. 2008) (RAR, 30 Nov. 2009; 27 Apr. 2010; and 4 Aug. 2011). The necessity to establish an objective record of facts sufficient to support an accused's plea of guilty before approving a criminal conviction is an equally paramount concern and dispositive in the process of military justice. *See* UCMJ art. 45; *United States v. Care*, 18 U.S.C.M.A. 535, 541-42, 40 C.M.R. 247, 253-54 (1969); Rule for Courts-Martial 910(e).

Appellant asserts that the military judge erred by failing to establish that appellant's speech was not constitutionally protected. We find this case a close one, but for more prosaic reasons: the military judge never elicited, and the appellant never articulated, the exact or particular content and specific context of the alleged "racially insensitive language."

The appellant did admit, however, that in relation to each of the specifications concerned, he "made racially insensitive jokes and made [each of the alleged victims] cover their ears so they wouldn't have to hear it;" that each of the victims "knew in each occasion that [appellant was] making a racially oriented joke;" and that he was "making fun of somebody who might be a different race than [appellant] because of their race." This is sufficient to establish patently offensive and prohibited behavior. In view of the entire inquiry and the stipulation of fact, we find that appellant's use of this language and direction that each of the victims should cover their ears while he uttered these "racially oriented joke[s]" amounted to the sort of humiliating and degrading treatment and abuse of authority contemplated by Article 93, UCMJ, and sufficient to accept the pleas of guilty at issue. Appellant admitted as much and the record discloses nothing inconsistent with those pleas. *See United States v. Carson*, 57 M.J. 410, 415 (C.A.A.F. 2002); *United States v. Harman*, 66 M.J. 710, 716-19 (Army Ct. Crim. App. 2008). *See generally Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 17.c(2); *United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

On consideration of the entire record, including the parties' briefs and those matters raised by appellant pursuant to *Grostefon*, the findings of guilty and the sentence are AFFIRMED.

Senior Judge LIND and Judge BORGERDING concur.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court