# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant BOBBY R. RIFFLE**
**United States Army, Appellant**

ARMY 20130653

Headquarters, Fort Bliss
Timothy P. Hayes, Jr., Military Judge
Colonel Edward K. Lawson IV, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Patrick J. Scudieri, JA (on brief); Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Patrick J. Scudieri, JA (on reply brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major John K. Choike, JA; Captain Jaclyn E. Shea, JA (on brief).

25 November 2014

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of four specifications of maltreatment, nine specifications of assault consummated by battery, and one specification of communicating indecent language, in violation of Articles 93, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 928, and 934 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for nine months, and reduction to the grade of E-1. The convening authority, pursuant to a pretrial agreement, approved only six months of confinement, but otherwise approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error concerning dilatory post-trial processing that merits neither discussion nor relief. Appellant personally raises several matters pursuant to

*United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) that are also without merit. However, one additional issue concerning the maltreatment charge and its specifications warrants discussion and relief.

## BACKGROUND

The majority of the assaults to which appellant pleaded guilty[1] involved appellant's repeated offensive touching of numerous junior soldiers' groins and nipples before, during, and after physical training formations. Appellant also pleaded guilty to separate assaults committed against junior soldiers when he offensively touched one soldier's groin area, slapped another soldier in the face, and kissed yet another soldier on the cheek. Appellant's conviction for communicating indecent language involved appellant essentially asking a junior soldier whether appellant could perform anal sodomy on him. The military judge, during the providence inquiry, correctly listed the elements of each of these offenses, and during the colloquy with appellant, he elicited a sufficient factual basis to support finding appellant guilty of these offenses.

The maltreatment charge and specifications, however, present us with a different scenario. In four separate specifications, appellant was charged with four incidents alleging maltreatment by: (1) making a junior soldier perform "45-50 push-ups within 30 minutes of giving blood;" (2) making a junior soldier "do the duck walk, rising stars, and the dying cockroach;" (3) making a junior soldier "low crawl for more than twenty minutes to pick up trash;" and (4) making a junior soldier repeatedly retrieve a rock.

During the providence inquiry, the military judge's colloquy with appellant established the following factual basis for each respective maltreatment specification: (1) appellant ordered a soldier to perform push-ups in response to a deficiency but was not aware the soldier had recently donated blood, and appellant stopped the soldier from doing push-ups once he learned the soldier had recently given blood; (2) appellant, in an effort to mirror some of the "exercises that we used to do in the military," had a soldier, for about ten minutes: walk "with bended knees like a duck" while mimicking a duck-shooting arcade game; jump in the air, extending both arms and legs and yell "I'm a rising star!" and; "lay[] on his back and squirm[] around like a dying cockroach;" (3) appellant made a soldier pick up trash by low crawling for more than twenty minutes on rocky and sandy ground based on appellant's reasonable belief, contrary to the soldier's protestations, that

---

[1] Of the nine assault specifications to which appellant pleaded guilty, five were originally charged as violations of Article 120, UCMJ, Abusive Sexual Contact. Pursuant to a pretrial agreement, the government accepted appellant's offer to plead guilty to the lesser included offense of assault consummated by battery in violation of Article 128, UCMJ.

the soldier had littered the area with cigarette butts; and (4) appellant had the same soldier retrieve rocks for about 10 minutes based on appellant's perception that this soldier had done a poor job low crawling.

## DISCUSSION

A military judge's acceptance of a guilty plea is reviewed for an "abuse of discretion and questions of law arising from the guilty plea [are reviewed] de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "The test for an abuse of discretion is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citation omitted). "It is an abuse of discretion for a military judge to accept a guilty plea without an adequate factual basis to support it" or "if the ruling is based on an erroneous view of the law." *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012); *see also United States v. Outhier*, 45 M.J. 326 (C.A.A.F. 1996); Rule for Courts-Martial 910(e) ("The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea.").

The explanation of maltreatment that accompanies Article 93, UCMJ, states:

> The cruelty, oppression, or maltreatment, although not necessarily physical, must be measured by an objective standard. Assault, improper punishment, and sexual harassment may constitute this offense.

*Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 17.c(2).

In *United States v. Carson*, 57 M.J. 410, 415 (C.A.A.F. 2002), our superior court held:

> [I]n a prosecution for maltreatment under Article 93, UCMJ, it is not necessary to prove physical or mental harm or suffering on the part of the victim, although proof of such harm or suffering may be an important aspect of proving that the conduct meets the objective standard. It is only necessary to show, as measured from an objective viewpoint in light of the totality of circumstances, that the accused's actions reasonably could have caused physical or mental harm or suffering.

Based on the record before us and applying an objective evaluation to the totality of circumstances surrounding appellant's alleged acts of maltreatment, we find a substantial basis in law and fact to question his pleas of guilty. In general,

3

ordering a soldier to perform the routine exercises and training techniques found in these specifications would not typically constitute maltreatment. Making a soldier perform push-ups to the point of dizziness could rise to maltreatment if appellant knew the soldier was likely to suffer physical or mental harm or suffering as a result of recently donating blood. However, the facts evinced during the providence inquiry are that appellant had no idea the soldier he ordered to perform push-ups had recently given blood. Appellant actually stopped the exercise once he learned this factor and that the soldier was becoming dizzy. Needless to say, making a soldier do push-ups absent an evil design is an everyday occurrence in the Army and should not lightly be labeled as maltreatment.

In regards to the other maltreatment specifications, the military judge failed to inquire into whether appellant's actions could have reasonably been expected to cause mental harm and instead elicited mere affirmation from appellant that the activities in question, performed for a short period of time under neither harsh nor dangerous conditions, could have resulted in "physical suffering." As such, the military judge failed to establish an adequate factual basis as to how appellant's actions reasonably could have caused physical or mental harm or suffering. We will therefore take appropriate action in our decretal paragraph to set aside the findings in regards to this charge and its four accompanying specifications.

**CONCLUSION**

On consideration of the entire record, the findings of guilty to Charge II and its Specifications are set aside and dismissed. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case, and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). In evaluating the *Winckelmann* factors, appellant's case was tried by a special court-martial and we find no dramatic change in the penalty landscape as the remaining offenses exceed the maximum punishment allowed by a special court-martial. *See* Rule for Courts-Martial 201(f)(2)(B)(i). In addition, appellant was sentenced by a military judge and, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with *Winckelmann,* 73 M.J. 11, and *Sales,* 22 M.J. 305, we AFFIRM only so much of the sentence as provides for a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1. We find this sentence purges the errors in appellant's case and is also appropriate. All rights,

4

privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court